**TON**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

AUG 0 2 2012

MICHAEL E. KUNZ, Clerk
By—————— Dep. Clerk

| | |
|---|---|
| **KIMBERLY GENTNER** ) | |
| ) | **Case Number:** |
| **Plaintiff** ) | |
| ) | **12    4389** |
| **vs.** ) | |
| ) | **CIVIL COMPLAINT** |
| **NELSON, WATSON & ASSOCIATES,** ) | |
| **LLC** ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Kimberly Gentner, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.     Plaintiff, Kimberly Gentner, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this District is proper in that Plaintiff resides in this district.

## III.  **PARTIES**

4.     Plaintiff, Kimberly Gentner, (hereafter, Plaintiff) is an adult natural person residing in Philadelphia, PA.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, Nelson, Watson & Associates, LLC., (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of a being a full service collection agency, collecting debt within the Commonwealth of Pennsylvania and the State of Massachusetts with a primary address located at 80 Merrimack Street, Haverhill, MA 01830.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  **FACTUAL ALLEGATIONS**

7.     In or around April, 2012, Plaintiff started to receive constant and continuous collection calls to her personal cell phone and to her home from Defendant.

8.     At that same time, Plaintiff also started to receive collection calls from the Defendant to her place of business.

9.     Defendant was informed that the Plaintiff could not receive calls to her work, however the calls have continued.

10.     Defendant has never stated the creditor to whom the consumer debt is owed.

11.     Defendant has never stated the amount of the consumer debt due.

12.     Defendant leaves daily automated messages on the Plaintiff's cell phone stating that no one except for "Kimberly Gentner", should listen to the message; however the message continues on without confirmation that they have the Plaintiff's correct number.

13.     Plaintiff's voice mail does not state her name.

14.     The Defendant has failed to supply the Plaintiff with anything in writing since their initial communication.

15.     The frequency of Defendant's calls are so menacing that the Plaintiff has resorted to unplugging her home phone and avoiding calls on her personal cell phone.

16.     Plaintiff continues to fear for her job as calls from the Defendant continue to come to her place of employment.

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

18.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a consumer debt.

20.     The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22.     At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23.     As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

24.     The above paragraphs are hereby incorporated herein by reference.

25.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

26.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(1):     At any unusual time, unusual place, or unusual time and place

§§ 1692c(a)(3):     At place of employment when knows the employer prohibits such communication

§§ 1692d:         Any conduct the natural consequence of which is to harass,

oppress, or abuse any person

§§ 1692d(5):      Caused the phone to ring or engaged any person in

telephone conversations repeatedly

§§ 1692e:         Any other false, deceptive, or misleading representation or

means in connection with the debt collection

§§ 1692e(10):     Any false representation or deceptive means to collect a

debt or obtain information about a consumer

§§ 1692f:         Any unfair or unconscionable means to collect or attempt

to collect the alleged debt

§§ 1692f(5):      Caused any charges to be made to the consumer e.g. calls

to her personal cell phone

§§ 1692g:         Failure to send the consumer a 30-day validation notice

within 5 days of the initial communication

§§ 1692g(a)(1):   Must state amount of debt

§§ 1692g(a)(2):   Must state the name of the creditor to who the debt is due

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendant, for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

27.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

28.    The collection of a consumer debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

29.    The alleged debt Defendant were attempting to collect is a consumer debt as defined by 73 Pa. C.S. § 2270.3.

30.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

31.    The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

32.    Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

33.    As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

34.    By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.  Actual damages;

b.  Treble damages;

c.  An award of reasonable attorneys fees and expenses and costs of court; and

d.  Such additional relief as is deemed just and proper, or that the interests of justice require.

**COUNT III**

**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.**

35.  The foregoing paragraphs are incorporated herein by reference.

36.  Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

37.  The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

38.  The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

a.  Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.  Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

39.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

40.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      An Order declaring that Defendant violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN LAW GROUP, PC**

**Date:  July 29, 2012**                          BY:  */s/ Bruce K. Warren  bkw4066*
                                                  Bruce K. Warren, Esquire

                                                  Warren Law Group, PC
                                                  58 Euclid Street
                                                  Woodbury, NJ 08096
                                                  P: (856)848-4572
                                                  F: (856)324-9081
                                                  Attorney for Plaintiff
                                                  bruce@warren-lawfirm.com